James, administrator, *vs.* Hutcherson.

81   451
103   533

JAMES, administrator, *vs.* HUTCHERSON.

Where suit was brought on a promissory note, by which the maker agreed to pay to Mrs. Richards a certain sum as balance of purchase money for a lot of land when one Sims and such maker got possession of the same, and it was also stipulated in the note that one-eighth of the expense to obtain possession, as well as all other legal expenses, were to be deducted from the amount of the note, and it appeared that the maker knew, when he gave the note, that the land was subject to be administered as part of the estate of the father of Mrs. Richards, whenever the administrator of the estate, who was then suing for it, could reduce it to possession, and that Mrs. Richards' interest was only a one-eighth interest as an heir of her father; and it further appeared that, as part of the transaction, the maker obtained a deed to himself and Sims from Mrs. Richards and her husband, conveying an undivided one-eighth part of the lot, describing it as Mrs. Richards' distributive share as such heir; it was not a good defence that the maker did not get possession under the contract with Mrs. Richards, but that the land was administered, and he bought it at administrator's sale. What he got by his contract, construing the note and deed together, was Mrs. Richards' interest in the land; and as it does not appear that he could not get her interest from the administrator, it was error for the court to hold that the sale was not a sale by Mrs. Richards, as heir at law, of her distributive share, and that if defendant did not get possession of the land under the contract, but did get it by the administrator's sale, the plaintiff could not recover.

(a) If the maker should, for any legal reason, fail to get an eighth of
the proceeds of the land from the administrator, he might set off
against this note the amount of the deficiency.

December 20, 1888.

Contracts. Construction. Administrators. Estates.
Set-off. Before Judge HARRIS. Campbell superior
court. February term, 1888.

Reported in the decision.

THOMAS W. LATHAM, for plaintiff.

C. S. REID, J. S. BIGBY and ROAN & GOLIGHTLY, for
defendant.

BLANDFORD, Justice.

Mrs. Augusta A. Richards, who was the daughter of
Henry Summerlin, deceased, sold her interest in the
lands belonging to her father's estate to Hutcherson for
$100, taking Hutcherson's promissory note therefor,
payable when he should get possession of the land. At
the same time, she made a deed conveying to him her
undivided one-eighth interest in said land. The estate
was administered upon by an administrator *de bonis
non*, and the land sold at administrator's sale, Hutch-
erson becoming the purchaser at the sale. Hutcherson
afterwards sold and conveyed the land to another per-
son. This action was brought by Mrs. Richards, for the
use of James, to recover the amount due by Hutcher-
son upon his promissory note. Hutcherson pleaded
that he had never gotten possession of the land, under
the contract with Mrs. Richards, and that the note was
not due until he got possession of the land thereunder.
The court below undertook to construe the contract,
and construed the note alone, without reference to the
deed, so far as appears from this record.

We think the court erred in construing the contract as it did. What Mrs. Richards conveyed, and what Hutcherson bought, was her eighth interest in the land; and he bought it, as he states himself, knowing all the facts and circumstances connected therewith, and knowing that the land was subject to be administered upon by the administrator of Summerlin, the deceased father of Mrs. Richards. He failed to show by any evidence that he introduced, that he could not get the one-eighth interest of Mrs. Richards in this land, after it was sold; but on the contrary, he testified that he had never applied to the administrator for it. He stood alone upon the fact that he was to get possession of the land under the note, and that he was not to pay the note until he got possession under it; and it was upon this that the court put the case. Mrs. Richards could not apply to the administrator herself, because she had assigned and transferred by her deed all her interest in the estate to Hutcherson.

If Hutcherson should, for any legal reason, fail to get an eighth of the proceeds of the land from the administrator, he might set off against this note the amount of the deficiency.

Judgment reversed.